## O'GRADY v. DADE COUNTY, et al.

No. 62-C-13195.

Circuit Court, Dade County.
February 19, 1963.

Daniel P. S. Paul, Miami, for plaintiff.

Darrey A. Davis, County Attorney, for defendants.

HAROLD P. VANN, Circuit Judge.

This cause came on for final hearing after due notice upon plaintiff's complaint seeking a declaratory decree and the answer of defendants which admits the material allegations of the complaint and alleges defendants are also in doubt as to the effect of the Metropolitan Home Rule Charter, chapter 30255, Laws of Florida 1955, and the Dade County Personnel Rules on the power of the board of county commissioners to create an emergency eligibility list limited to former employees of the transit companies acquired by Dade County. After considering the plead-

ings, the testimony and exhibits offered at the final hearing, the court finds as follows —

A. The court has jurisdiction of the parties and of the subject matter of this suit and this is a proper cause for a declaratory decree.

B. The job of bus operator for the Dade County Transit Authority, an authority created by ordinance of the Dade County Commission, is a position in the classified civil service of Dade County pursuant to chapter 30255, Laws of 1955, section 4.05 of the Home Rule Charter, and section 2 - 41 of article IV of chapter 2 of the Code of Metropolitan Dade County.

C. On the effective date of the Home Rule Charter, open competitive examinations were required for permanent positions in the classified civil service of Dade County.

D. The board of county commissioners is without power to create an emergency civil service eligibility list and to waive open competitive examinations for permanent employment as a bus operator because chapter 30255, General Laws, 1955, requires open competitive examinations for such permanent positions and section 4.05 of the Home Rule Charter requires that the standards of the civil service system shall not be less than those prevailing at the time of the effective date of the Home Rule Charter.

E. In addition section 3.05 of the Home Rule Charter prohibits the board of county commissioners and any of its members from taking part in the appointment or removal of employees in the classified civil service of Dade County.

F. Section 12 of the Declaration of Rights of the Florida constitution prohibits the board of county commissioners, the county manager, the Dade County personnel director, and the Dade County Transit Authority from giving, directly or indirectly, any preference of any kind in the selection of employees for the Dade County Transit Authority on account of membership in any labor union.

G. Plaintiff Dennis Leo O'Grady has passed all the civil service requirements and is eligible for selection for employment for the position of bus operator by the Dade County Transit Authority.

H. The civil service eligibility list for the position of bus operator for the Dade County Transit Authority in effect prior to October 16, 1962 and on which the plaintiff's name appears was duly prepared in accordance with the requirements of law and is valid.

Therefore it is ordered and decreed as follows —

1.   The actions of the board of county commissioners on October 16 and December 18, 1962, instructing the county manager to establish an emergency eligibility list for the position of bus operator of the Dade County Transit Authority without open competitive examinations and consisting entirely of former employees of Miami Transit Company, Miami Beach Railway Company, and Keys Transit Company, permitting such former employees to apply for placement on such list to December 1, 1962, and giving such persons priority over plaintiff and the other persons named on the list duly certified by the personnel director prior to October 16, 1962 is invalid and in violation of section 8 of chapter 30255, Laws of 1955, sections 3.05 and 4.05 of the Home Rule Charter, section 2 - 42 of article IV of chapter 2 of the Code of Metropolitan Dade County, and section 12 of the Declaration of Rights of the Florida constitution.

2.   The emergency eligibility list prepared pursuant to the actions described in paragraph 1 is invalid and the Dade County Transit Authority is permanently enjoined from selecting any employees for employment from such list and from selecting any employees for positions in the classified civil service of Dade County except from a list prepared pursuant to the requirements of chapter 30255, Laws of 1955, and section 4.05 of the Home Rule Charter.

3.   The personnel director and the county manager of Dade County are directed to reinstate the civil service eligibility list for the position of bus operators for the Dade County Transit Authority in effect prior to October 16, 1962 on which the plaintiff's name appears and to certify such list forthwith to the Dade County Transit Authority.

4.   The board of county commissioners of Dade County and its members are permanently enjoined from taking part in the appointment or removal of employees in the classified civil service of the Dade County Transit Authority and from attempting to give or direct anyone to give any preference, directly or indirectly, to former employees of Miami Transit Company, Miami Beach Railway Company or the Keys Transit Company for employment by the Metropolitan Transit Authority of Dade County.

5.   The following costs of this action — clerk's filing fee, $17.50; sheriff's fee for service of summons, $3.50; witness fee for Menford Wooten and service costs, $7.30; court reporter's charges for final hearing, $15.00; totaling $43.30, are hereby taxed against the board of county commissioners of Dade County, and plaintiff shall recover such sum from Dade County, Florida.